UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
2013 AUG -7 P 12: 19

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Richard O. Goodrow

VS.                                                    C.A. NO.

CA 13 - 580 M

Everhome Mortgage;
Mortgage Electronic Registration Systems, Inc.;
Countrywide Home Loans, Inc.;
E*Trade Mortgage Corporation;
Bank of America, N.A., as successor by merger to
BAC Home Loans Servicing, LP, FKA Countrywide
Home Loans Servicing, LP

## COMPLAINT FOR DECLATORY JUDGMENT AND INJUNCTIVE RELIEF

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Court.**

## Parties

1. Plaintiff Richard O. Goodrow (hereinafter referred to as "Goodrow") is a resident of the United Arab Emirates. The subject property is located at 25 Howard Street, Newport, RI.

2. Everhome Mortgage (Everhome) has a mailing address of 301 W. Bay Street, Jacksonville, FL 32202. Everhome is a division of EverBank. Everhome claims to be the current Mortgagee.

3. Mortgage Electronic Registration Systems, Inc. ("MERS") has a mailing address of PO Box 2026, Flint, Michigan 48501. MERS was the mortgagee in the subject mortgage acting solely as a nominee for Lender. MERS allegedly assigned said mortgage to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP.

1

4. E*Trade Mortgage Corporation ("E*Trade") has a mailing address of 7755 Center Avenue, #100, Huntington Beach, CA 92647. E*Trade was the alleged lender.

5. Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("Bank of America") has a mailing address of 13150 World Gate Dr., Herndon, VA 20170.

## Jurisdiction

6. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are foreign corporations based outside of the State of Rhode Island.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred in Rhode Island, and the real property that is the subject of this action is situated within the State of Rhode Island.

8. Plaintiff further avers that the Court may redress the claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem his mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

   b. Plaintiff claims ownership of the latter described premises and seeks to clear his title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

    c. Plaintiff claims ownership of the latter described premises and seeks to clear his title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

    d. Plaintiff claims that only he has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, seventeen (17) years of ownership of the fee interest.

    e. Plaintiff as a mortgagor may seek to redeem, pursuant to R.I.G.L. § 34-26-1, his mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

    f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in his chain of title.

### Facts

9. On March 5, 2003, Goodrow executed a mortgage (the "Mortgage") which named MERS, acting solely as the nominee for Lender and Lender's successors and assigns. MERS was clearly named as the Mortgagee and not named as the Lender.

10. In the mortgage the Lender is identified as E*Trade Mortgage Corporation. E*Trade never recorded and assignment of the mortgage.

11. On or about December 16, 2011, MERS attempted to assign this Mortgage to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP, ("Assignment"). Richard Paz signed the Assignment. Richard Paz had no authority to assign.

12. Richard Paz was an employee at Bank of America, not a Vice-President or Assistant Secretary of MERS.

13. Bank of America is located in Collin County, TX.

14. MERS is located in Flint, Michigan and/or Reston, Virginia.

15. The assignment states, "For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant sell assign, transfer and covey unto Bank of America . . ." MERS is located in Michigan and/or Virginia, not in Ocala, Florida.

16. The document was notarized in Ventura County, California, not Flint Michigan or Reston Virginia . . . or Ocala, Florida.

17. MERS did not order the assignment to Bank of America.

18. Richard Paz was attempting to assign the mortgage for Bank of America, not MERS.

19. No power of attorney from MERS to either Richard Paz or Bank of America is recorded and referenced in the subject assignment.

20. MERS cannot assign anything it does not own.

21. MERS never holds the beneficial interest in the subject property.

22. The beneficial interest in the property can only be transferred through negotiation of the promissory note.

23. An assignment of the mortgage without a corresponding negotiation of the promissory note is a nullity.

24. The assignment is void as there was never an assignment to Countrywide from E*Trade.

25. The assignment is void pursuant to R.I.G.L. 34-11-1.

26. The "Assignment" is fatally flawed in its execution and effect by virtue of the fact that is was not assigned by the mortgagee as required by **General Laws of Rhode Island at §34-11-24.**

27. MERS never received any interest in the property to transfer to Bank of America.

28. MERS never held the legal or beneficial interest in the subject premises.

29. The assignment from MERS to Bank of America is void due to failure of consideration.

30. Bank of America had no standing to foreclose.

31. Everhome has no standing to foreclose.

32. The Mortgage, at page 1, defines the Lender as E*Trade.

33. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by Goodrow.

34. At Paragraph 22 of the Mortgage, entitled "Acceleration; Remedies", it states that **"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by**

**which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law, Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expense of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."** (emphasis added)

35. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

36. The Lender never invoked the statutory power of sale in this matter.

37. The Lender never mailed a notice of sale to the borrower.

38. BAC Home Loans Servicing, LP, which is not the Lender, wrongly started sending Goodrow Notices of Intent to Accelerate beginning in January 2011.

39. **Goodrow never missed a payment in the ten years since he took out the loan.**

40. **Bank of America took over Countrywide and started returning payments to Goodrow and claimed that he was in default. They refused to correct their error and have kept some payments and returned others. Goodrow has an exact accounting of all payments made and processed and those that were returned.**

41. Goodrow notified Bank of America in February 2011 that Bank of America did not have authority to process a default nor impose late fees and asked that Bank of America resolve what appears to have been an error from when Bank of America took over Countrywide.

42. After receiving another Notice of Intent to Accelerate, Goodrow sent a detailed letter that listed the payment history.

43. Goodrow's attorney sent a Qualified Written Request ("QWR") to Bank of America along with a Power of Attorney granting his attorney the power to act on his behalf.

44. After receiving no response from Bank of America, Goodrow's attorney sent a second QWR to Bank of America and MERS.

45. By notices dated November 16, 2011 and November 28, 2011, Bank of America sent Goodrow a RIGL 34-27-3.1 Notice of Default and Mortgagee's Right to Foreclosure which states that the Mortgagee is Mortgage Electronic Registration Systems ("MERS").

46. Bank of America played more games by claiming they could not communicate with Goodrow's attorney because his signature on the POA did not match the signature in

their file. Bank of America never provided any proof of any notice to Goodrow about any change in the amount of the payment on the mortgage.

47. The actions taken by MERS, Bank of America and EverHome are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because MERS, Bank of America and EverHome are not now, nor ever been, the Lender as defined by both the note and the mortgage.

48. Bank of America and Everhome both of which are not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

49. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

50. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

51. Bank of America maliciously reported negative credit reports about Goodrow and refuses to correct negative reporting. This in light of the fact that Goodrow never missed a payment. Bank of America just decided to change the terms and start returning Goodrow's payments.

52. MERS has no standing to foreclose.

53. Bank of America has no standing to foreclose.

54. "Everhome" was never assigned any interest in the mortgage and holds no beneficial interest in the subject property and no standing whatsoever to foreclose.

55. "Everhome" sent Goodrow of a Notice of Default which was received by certified mail on July 31, 2013 at the office of his attorney.

56. The Lender (E*Trade) in this case was the only party who had any standing, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

57. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

58. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

59. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

60. The note is current or has been satisfied by Plaintiff or another third party.

61. E*Trade never transferred possession of or negotiated the promissory note to Countrywide, Bank of America, MERS or EverHome.

62. Bank of America does not possess the promissory note.

63. The promissory note was never endorsed to Bank of America or Everhome.

64. Bank of America and Everhome do not have the right to enforce the promissory note.

65. The note is no longer recognized as an asset or account receivable of E*Trade.


66. The note was no longer recognized as an asset or account receivable of Countrywide.

67. Bank of America and Everhome do not hold the note.

68. The mortgage is unsecured.

69. The mortgage is void due to fraud.

70. The mortgage is void pursuant to R.I.G.L. 34-11-1.

71. The mortgage is unsecured pursuant to R.I.G.L. 34-4-11.

72. The note is void due to fraud.

73. MERS does not have the capacity to be a mortgagee in the state of Rhode Island

74. Bank of America and Everhome were not the true Lender in the underlying mortgage transaction.

75. Everhome does not even pretend to be in compliance with the law by recording any kind of assignment and has notified Goodrow that he is in default

76. The funds used to fund the transaction came from a third party, not Bank of America or Everhome.

77. The non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute.

78. Plaintiffs have standing to challenge title and all assignments of the subject mortgage.

79. Plaintiffs have standing to clear title pursuant to R.I.G.L. 34-16-4.

80. Plaintiffs have standing to challenge all assignments and foreclosure deeds pursuant to R.I.G.L. 34-16-4.

81. Bank of America is not the true foreclosing entity.

82. EverHome is not the true foreclosing entity.
83.

## COUNT I
### Declaratory Judgment

84. The Plaintiff herein reincorporates paragraphs 1-73 as if they are fully articulated herein.

85. By virtue of these facts and the legal consequence thereof, Bank of America and Everhome have no standing to accelerate the loan or foreclose on the property.

86. Goodrow owns the subject property.

**WHEREFORE**, Plaintiff prays this Court to issue an order, pursuant to the

Uniform Declaratory Judgment Act, as follows:

    a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
    b. That the Court finds that Plaintiff owns the property as a matter of law.
    c. That any attempts at a foreclosure sale be voided.
    d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
    e. That the Court, or other trier of fact, order the Defendants to pay Plaintiff's damages which it deems appropriate.
    f. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.

    g. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.

    h. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiff, Richard O. Goodrow
By his Attorney,

_____
Kathleen M. Connell (7684)
170 Spring Street
Newport, RI 02840
(401) 619-3092
(401) 619-3093 (fax)
Kathleen@oaalaw.com

## COUNT II
## Quieting Title
## Rhode Island General Law §34-16-4

95. The Plaintiff herein reincorporates paragraphs 1-94 as if they are articulated herein.

96. The real estate at issue is a residential property located at 25 Howard Street, Newport, Rhode Island.

97. Bank of America, Everhome or their successors claim to have the right to foreclose on the property. The addresses of Bank of America and Everhome are set forth hereinabove.

98. Plaintiff purchased the property on June 28, 1996.

**WHEREFORE**, Plaintiffs pray for the following relief:

    a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.

    b. That the Court finds that Plaintiff owns the property as a matter of law.

    c. That the Court order any foreclosure sale voided.

    d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.

    e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Plaintiff, Richard O. Goodrow
By his Attorney,

_____
Kathleen M. Connell (7684)
170 Spring Street
Newport, RI 02840
(401) 619-3092
(401) 619-3093 (fax)
Kathleen@oaalaw.com

## COUNT III- PUNITIVE DAMAGES

99. The Plaintiff herein reincorporates paragraphs 1-98 as if they are articulated herein.

100. MERS, Countrywide, Bank of America and Everhome took actions that were malicious, wanton, and/or willful.

101. MERS, Countrywide, Bank of America and Everhome took actions that were criminal in nature in contravention of R.I.G.L. 11-9.1-15, R.I.G.L. 11-17-4, R.I.G.L. 11-18-1, and R.I.G.L. 11-41-4.

102. MERS, Countrywide, and Bank of America have victimized thousands of Rhode Island citizens with their deceptive practices regarding the false filing of documents in the Land Evidence Records of the various cities and towns, lack of communication and transparency of actual note holders, and fraudulent misrepresentations in the modification and foreclosure processes.

103. MERS, Countrywide, Bank of America and Everhome have conducted their business practices in ways that require deterrence and punishment forcing these entities to deal fairly with the citizens of Rhode Island.

104. Bank of America and Everhome have damaged the good reputation and credit score of Goodrow.

**WHEREFORE**, Plaintiff prays for punitive damages in the amount of $10 million dollars against all Defendants.

Plaintiff, Richard O. Goodrow
By his Attorney,

_____
Kathleen M. Connell (7684)
170 Spring Street
Newport, RI  02840
(401) 619-3092
(401) 619-3093 (fax)
Kathleen@oaalaw.com

Dated:

**The Plaintiff Demands a Trial by Jury.**