# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD O. GOODROW<br>Plaintiff,<br><br>v.<br><br>EVERHOME MORTGAGE et al,<br>Defendants. | C. A. No. 13-580-M |

## ORDER

The Court has reviewed the Complaint (ECF No. 1) and Defendants' Motions to Dismiss. (ECF Nos. 8, 10). The Complaint in this case is very similar if not identical in all relevant factual and legal respects to the complaints filed in *Clark v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 12-802, —— F. Supp. 3d ——, 2014 WL 1259954 (D.R.I. March 27, 2014) and *Era v. Morton Cmty Bank*, C.A. No. 11–455–M, —— F. Supp. 3d ——, 2014 WL 1265699 (D.R.I. Mar. 28, 2014). *Clark* and *Era* were exemplar cases, chosen by the parties to establish precedent on legal issues common to a majority of the mortgage foreclosure cases.

The specific and relevant facts of this case as alleged in the Complaint are as follows: on March 5, 2003, Plaintiff executed a mortgage for his property at 25 Howard Street, Newport, Rhode Island to MERS as nominee for Lender and Lender's successors and assigns. E*Trade Mortgage Corporation is the Lender. On December 16, 2011, MERS assigned the mortgage to Bank of America, N.A. Plaintiff alleges, among other things, that the assignment was void because there was no recorded power of attorney; MERS did not have the note and mortgage so the assignment was void; Bank of America did not have the note and mortgage so the foreclosure

was illegal; only the lender could invoke the statutory power of sale; only the lender could publish notice of sale as required in mortgage ¶ 22; and the note is current or has been satisfied.

The Court finds that, based on the First Circuit Court of Appeals decisions in *Wilson v. HSBC Mortg. Serv.*, 744 F.3d 1 (1st Cir. 2014) and *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013) and the Rhode Island Supreme Court's decisions in *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013) and *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527 (R.I. 2013), and this Court's decisions in *Clark* and *Era*, Plaintiff lacks standing to pursue his claims because the allegations are merely that the assignment is voidable as opposed to void.

Moreover, Plaintiff's allegations about MERS fail in the face of *Bucci* and *Moura v. Mortg. Elec. Registration Sys., Inc.*, 2014 WL 1998742 (R.I. May 16, 2014), which validated the MERS system and MERS' role as nominee on behalf of the note owner. *See also Ingram v. Mortg. Elec. Registration Sys., Inc.*, 94 A.3d 523 (R.I. 2014) (the assignee of lender's nominee acquired all the rights that the nominee possessed, including the right to exercise the power of sale over mortgaged property). Under the facts of this case, because MERS had the power to foreclose as mortgagee, once MERS assigned the mortgage to Bank of America, it had the same power.

Finally, Plaintiff's allegation that Bank of America did not hold the note so could not foreclose has been rejected by the Rhode Island Supreme Court when it held that "the note and the mortgage [does] not need to be held by one entity" in order to exercise the statutory power of sale. *Mruk*, 82 A.3d at 537 (citing *Bucci*, 68 A.3d 1084-85).

Plaintiff argues that his case is different, however, from the exemplar cases in this Court and from First Circuit Court of Appeal's precedent. Plaintiff argues for the first time in his

2

opposition to Defendants' motions that if the Court finds that Bank of America was authorized to act as the lender, then Bank of America violated 12 U.S.C. § 2605 ("RESPA"), breached its contractual duties and its duty of good faith and fair dealing. Boiled down to the essential facts, Plaintiff alleges that Bank of America was not authorized to accelerate the mortgage, issue a default for non-payment, or make negative reports on his credit because it breached its duties by failing to respond to Plaintiff's requests regarding his payments. He alleges that he never missed a payment on his mortgage and the notice of acceleration and default were ultimately sent because Bank of America failed to fulfill its duties and responsibilities under the mortgage. (ECF No. 12 at 9). Because the Plaintiff did not make any of these legal claims in his Complaint, however, he cannot now assert them in the face of Defendants' motions. The Court rules on the Motion to Dismiss based on the content of the Complaint, not on new assertions made for the first time in response to the motion.

Therefore, Defendants' Motions to Dismiss (ECF Nos. 8, 10) are GRANTED. The case is dismissed as to all Defendants and all claims.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

April 23, 2015